IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

JESUS CASTRO, a/k/a/
Jesus Castillo,

    Defendant.

08 CR 014(A)

08-CR-

FILED
JAN 23 2008
CLERK, US DISTRICT COURT WDNY

---

### PLEA AGREEMENT

The defendant, JESUS CASTRO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 4 (misprision of felony), for which the maximum possible sentence is a term of imprisonment of 3 years, a fine of $250,000 or both, a mandatory $100 special assessment and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.   **ELEMENTS AND FACTUAL BASIS**

3.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> that the defendant had knowledge of the actual commission of a felony cognizable by a court of the United States; that the defendant deliberately concealed the felony; and that the defendant failed to notify the relevant authorities.

**FACTUAL BASIS**

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.   In June of 2007, the defendant was contacted by a friend in Mexico to travel from San Diego, California to Cleveland, Ohio in order to meet with Jose Perales to pick up and drive a quantity of money back from Ohio to Mexico.

   b.   The defendant traveled from California to Ohio and met with Jose Perales. While the defendant was with Perales, he realized that the money he was scheduled to drive back was proceeds from a narcotics transaction. The defendant concealed the felony offense and failed to notify law enforcement of the offense. Jose Perales was subsequently arrested on July 3, 2007 for possession with intent to distribute approximately 100 pounds of marijuana.

### III.   SENTENCING GUIDELINES

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

**BASE OFFENSE LEVEL**

6.   The government and the defendant agree that Guidelines § 2X4.1(a), incorporating §§ 2D1.1(a)(3) and 2D1.1(c)(10), applies to

the offense of conviction and provides for a base offense level of 11.

### ACCEPTANCE OF RESPONSIBILITY

7.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 9.

### CRIMINAL HISTORY CATEGORY

8.   It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9.   It is the understanding of the government and the defendant that, with a total offense level of 9 and criminal

history category of III, the defendant's sentencing range would be a term of imprisonment of 8 to 14 months, a fine of $1,000 to $10,000, and a period of supervised release of 1 year. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

13. At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

14. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the

        defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

  b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

  c.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

15.  At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 07-M-1056.

16.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### VI. APPEAL RIGHTS

17.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal

the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **9**, above, notwithstanding the manner in which the Court determines the sentence.

18. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **9**, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  COOPERATION

20.  The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances.  The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

21.  In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

22. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

23. The defendant understands that, notwithstanding the defendant's obligation to cooperate with the government as set forth in this agreement, the government will not file a motion pursuant to Guidelines § 5K1.1 or Title 18, United States Code, Section 3553(e) for a downward departure from the defendant's sentencing range or pursuant to Rule 35(b) for a reduction of the defendant's sentence.

24. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

25. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the

defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

26. In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.

27. Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

28. If this agreement is declared breached:

   a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

   b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

   c. the defendant has no right to withdraw the plea of guilty;

   d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings], whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

   e. the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

29. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request

that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

30. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

31. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.

### VIII. TOTAL AGREEMENT AND AFFIRMATIONS

32. This plea agreement represents the total agreement between the defendant, Jesus Castro, a/k/a/ Jesus Castillo, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other

prior agreements, written or oral, entered into between the government and the defendant.

                              TERRANCE P. FLYNN
                              United States Attorney
                              Western District of New York

                      BY: _____
                            MICHAEL DiGIACOMO
                            Assistant U.S. Attorney

                            Dated: January 23rd, 2008


I have read this agreement, which consists of 14 pages. I have had a full opportunity to discuss this agreement with my attorney, Jeremy Schwartz, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____     _____
JESUS CASTRO                               JEREMY M. SCHWARTZ, ESQ.
Defendant                                       Attorney for the Defendant

Dated: January 23rd, 2008            Dated: January 23rd, 2008